**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANTHONY LEE BRISSEL,**

      **Plaintiff,**

**vs.**                                    **Case No.: 8:12-CV-2317-T-27EAJ**

**CAROLYN W. COLVIN**
**Commissioner of Social**
**Security Administration,[1]**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the Court recommends reversal of the Commissioner's decision and remand for further administrative proceedings.[2]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1]   The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security.  See Fed. R. Civ. P. 25(d).

[2]   The district judge referred this matter to the undersigned for consideration and a Report and Recommendation.  See Local Rule 6.01(a), M.D. Fla.

applicable legal standards.  See 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, the reviewing court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On May 9, 2006, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning January 27, 2005. (T 247)  Plaintiff's applications were denied initially and upon reconsideration, and an administrative hearing was held before ALJ Coffman on April 9, 2008 (T 94)  On July 22, 2008, Judge Coffman entered his decision that the Plaintiff was not disabled. (T 127)  After Plaintiff appealed, on June 25, 2010, the Appeals Council remanded the case back to the ALJ to explain work-related limitations which correspond to each of the claimant's severe impairments and to obtain evidence from a Vocational Expert (VE). (T 130-32)  Another hearing was held on September 14, 2010 before ALJ Jones. (T 22)  On November 15, 2010, ALJ Jones entered her decision that the Plaintiff was not disabled prior to January 1, 2008. (T 33)  The date of last insured was December 31, 2006. (T 23)

Fifty-one years old at the time of the hearing, Plaintiff obtained his GED and has past relevant work as an industrial cleaner and a land surveyor. (T 49, 53-54)

The ALJ found that Plaintiff, as of January 27, 2005, had the following severe impairments: obesity, diabetes mellitus, left carpal tunnel syndrome, chronic obstructive pulmonary disease, and lumbar degenerative disc disease. (T 25)  The ALJ further found that as of the onset date of January 27, 2005, the impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, Appendix I. (T 25)  The ALJ found that prior to January 1, 2008, the Plaintiff was able to perform light work as defined in the regulations with the following exceptions: could lift twenty pounds occasionally and ten pounds frequently, could sit, stand or walk for six hours in an eight hour day, could occasionally climb ramps and stairs, stoop, balance, crouch, kneel and crawl, but could never climb ladders, ropes or scaffolds.  Further, Plaintiff was limited in handling, fingering and feeling no more than frequently with his left arm (no limitations with his right arm), and he must  avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards, such as machinery and heights. (T 26)[3]  Beginning January 1, 2008, however, the ALJ found that Plaintiff was able to perform sedentary work but could lift five pounds frequently and twenty pounds occasionally, carry ten pounds frequently and twenty pounds occasionally, sit for four hours in an eight-hour day, stand or walk for one hour in an eight hour day, and could not use his right arm for reaching, including overhead. (T 29)

On August 10, 2013 the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Dkt. 13)

The medical and other evidence has been reviewed in the ALJ's decision and will not be

---

[3]  In the same decision, the ALJ determined that after January 1, 2008, there were no jobs that exist in the national economy that the Plaintiff could perform. (T 32)

repeated here except as necessary to address the issues presented.

## II. Analysis

In challenging the ALJ's finding that he was not disabled prior to January 1, 2008, Plaintiff argues that the ALJ erred by (1) failing to properly weigh the medical evidence related to Plaintiff's onset date; and (2) failing to properly evaluate Plaintiff's credibility.

**A.** The ALJ found that prior to January 1, 2008, the Plaintiff was able to perform light work as defined in the regulations with the following exceptions: could lift twenty pounds occasionally and ten pounds frequently, could sit, stand or walk for six hours in an eight hour day, could occasionally climb ramps and stairs, stoop, balance, crouch, kneel and crawl, but could never climb ladders, ropes or scaffolds. Further, Plaintiff was limited in handling, fingering and feeling no more than frequently with his left arm (no limitations with his right arm), and he must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards, such as machinery and heights. (T 26)  Based on this, the ALJ found Plaintiff capable of performing his past relevant work as a surveyor and industrial cleaner. (T 31)  Beginning January 1, 2008, however, the ALJ found that Plaintiff was able to perform sedentary work but could lift five pounds frequently and twenty pounds occasionally, carry ten pounds frequently and twenty pounds occasionally, sit for four hours in an eight-hour day, stand or walk for one hour in an eight hour day, and could not use his right arm for reaching, including overhead. (T 29)  The ALJ concluded that Plaintiff could not perform his past relevant work at that point nor any other type of work in the national economy.  (T 32)

In assessing medical evidence in a disability case, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefore.  <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam) (citation omitted).  The opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining

physician. <u>Broughton v. Heckler</u>, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) (citation omitted). A treating physician's opinion must be given "substantial or considerable weight" unless there is good cause to disregard the opinion. <u>Winschel v. Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1179 (11th Cir. 2011) (citations omitted).  Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. <u>Id.</u> at 1179 (citation omitted).  The ALJ must clearly articulate the reasons for according less weight to the findings of a treating physician and failure to do so constitutes reversible error. <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted).  Ultimately, the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." <u>Sryock v. Heckler</u>, 764 F.2d 834, 835 (11th Cir. 1985) (citations and internal quotation marks omitted).

The ALJ found that Plaintiff's "allegations regarding his symptoms and limitations are generally credible." (T 29)  The ALJ also remarked that Plaintiff "has a consistent longitudinal medical treatment history, and treating opinion evidence, which substantiate his severe impairment claims." (<u>Id.</u>)  In fact, the ALJ noted that Pedro Ruiz, M.D. ("Dr. Ruiz"), a neurologist, treated Plaintiff for various ailments[4] from May 9, 2002 through August 4, 2009.  However, the ALJ found that "prior to January 1, 2008, the records do not support limitations of the severity noted after January 1, 2008." (<u>Id.</u>)

Plaintiff contends that the ALJ properly gave great weight to the opinions of treating

---

[4] Between 2002 and 2009, Dr. Ruiz treated Plaintiff for chronic gastritis, diabetes mellitus, feet pain, diabetic neuropathy, GERD, chronic hypertension, lower back pain, chronic obstructive pulmonary disease, osteoporosis, asthma, and obstructive sleep apnea. (T 29, 389-406, 442-72, 528-53, 618-31, 633-49, 657-58, 673-75, 705-12)

physicians Saqlb B. Khan, M.D., F.S.C.P. ("Dr. Khan"), Dr. Ruiz, and M. Sabahat Siddiqui, M.D. ("Dr. Saddiqui"), but improperly failed to consider the applicability of those opinions back to Plaintiff's alleged onset date of January 27, 2005.

Regarding Dr. Khan's opinion, on February 6, 2008, Dr. Khan stated that Plaintiff's inability to sit or stand for long periods of time prevented Plaintiff from finding sufficient work; on February 25, 2008, he indicated that Plaintiff was unable to work or seek employment and recommended as a restriction that Plaintiff not work at all. (T 30, 512, 515)

Dr. Ruiz concluded that if Plaintiff were in a normal five day per week work environment on a sustained basis, Plaintiff could only sit for up to one hour and stand or walk zero to one hours in an eight hour day, occasionally lift or carry five pounds, and would be significantly limited with regard to repetitive reaching, handling, fingering, or lifting as a result of diabetic neuropathy; Plaintiff also had psychological limitations and needed to avoid fumes, gases, temperature extremes, humidity, and dust, and had limited vision.  The ALJ found the earliest date Dr. Ruiz's opinions applied to was June 2005. (T 30-31, 707-712 )

Dr. Saddiqui, who treated Plaintiff between July 2008 and May 2009, determined that Plaintiff had chronic obstructive pulmonary disease and obstructive sleep apnea with use of CPAP; Plaintiffs symptoms included shortness of breath, wheezing, fatigue, and coughing, as well as acute asthma attacks precipitated by exercise.  Dr. Saddiqui opined that Plaintiff could sit for five hours and stand or walk for two hours in an eight-hour day, could lift or carry up to ten pounds occasionally, and that Plaintiff's fatigue and other symptoms were severe enough to constantly interfere with concentration and attention.  Additionally, Plaintiff would have to take breaks for at least fifteen minutes at least once each hour and would likely miss work more than three times each

month due to his impairments. (T 31, 715-721)

In this case, Plaintiff alleged the onset of disability as January 27, 2005.  Though the ALJ acknowledged Plaintiff's credibility and extensive treatment history, and gave great  weight to the treating physicians' opinions, whose treatment spanned the time from June 2005 through May 2009, the ALJ found Plaintiff disabled only as of January 1, 2008.  In particular, the ALJ noted that Plaintiff's allegations regarding his symptoms and limitations were generally credible as of January 1, 2008, but not before that. (T 29)  But the evidentiary basis for that conclusion is lacking.  The ALJ's finding that Plaintiff was not disabled prior to January 1, 2008, but was disabled as of that date is not supported by substantial evidence.  The record is insufficient to support the ALJ's finding that Plaintiff experienced a significant worsening of his condition as of January 1, 2008.[5]

As the ALJ gave great weight to the opinions of Drs. Khan, Ruiz, and Saddiqui, who opined that Plaintiff could not perform even a sedentary-level job, but the ALJ failed to evaluate their opinions retrospectively, remand is required on this issue.[6]  The ALJ's finding that Plaintiff was not

---

[5] Where, as here, evidence of a plaintiff's impairment is consistent and relevant back through the plaintiff's alleged onset date, courts have upheld the validity of the plaintiff's alleged onset date. See Willbanks v. Sec'y of Health & Human Servs., 847 F.2d 301, 304 (6th Cir. 1998) ("[Social Security Ruling 83-20] demands that [Plaintiff's] claimed onset date be adopted if it is consistent with all the evidence available.").  See also Payne v. Weinberger, 480 F.2d 1006, 1007-08 (5th Cir. 1973) (holding the ALJ erred in determining the plaintiff was not disabled where the record showed a diagnosis and disability prior to the relevant date, no evidence contradicted it, and medical reports after the initial diagnosis showed the initial diagnosis was correct and ongoing); Garvey v. Astrue, No. 1:07-cv-00021-MP-WCS, 2007 WL 4403525, at *7 (N.D. Fla. Dec. 12, 2007) (explaining that "[a] physician's retrospective diagnosis is a medical opinion of the claimant's impairments which relates back to the covered period. . . . A retrospective diagnosis may be considered only if it is corroborated by evidence contemporaneous with the eligible period. . . . [T]he ALJ must point to substantial evidence in the record to discount the opinion of a treating physician, whether retrospective, contemporary, or prospective." (internal citations and quotation marks omitted)).

[6] As remand is required on other grounds, it is unnecessary to address Plaintiff's alternative argument that the ALJ should have applied the Grids to find Plaintiff disabled. See Jackson v.

disabled prior to January 1, 2008, but was disabled as of that date is not supported by substantial evidence.  To the extent that the Commissioner argues there is ample evidence in the record to discount the treating physicians' opinions, this court will not re-weigh the evidence and engage in conjecture that invades the province of the ALJ.  See Nyberg v. Comm'r of Soc. Sec., 179 F. App'x 589, 592 (11th Cir. 2006) (per curiam) (unpublished).  Consequently, the case must be remanded to afford the ALJ an opportunity to weigh the evidence, to apply the proper standard to the treating physicians' opinions, to specifically identify the evidence which supports the finding that Plaintiff was not disabled prior to January 1, 2008, and detail the reasons for the ALJ's conclusion that Plaintiff's testimony was credible after that date but not before that date.  See also Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) ("The Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." (citation omitted)).

### III. Conclusion

In recommending remand for further fact-finding on the issues identified above, this Court expresses no views as to the ultimate outcome. On remand, each side shall be afforded an opportunity to introduce additional evidence.  The purposes of the Social Security Act will best be served by further consideration of Plaintiff's claims upon a more fully developed record.  See generally Epps v. Harris, 624 F.2d 1267, 1275 (5th Cir. 1980).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     The decision of the Commissioner is be **REVERSED** and the case be

**REMANDED** for further proceedings consistent with the forgoing; and

---

Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

(2)     The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-80 (11th Cir. 1993).  The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees.  See <u>In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)</u>, No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**Date:**  February 13, 2013

ELIZABETH A JENKINS
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record

District Judge